## N. WAKEFIELD *v.* THE STATE.

1. STATEMENT OF FACTS. — The signature of the judge who tried the cause is indispensable to constitute a statement of facts.
2. PRACTICE — BILL OF EXCEPTIONS. — The judgment entry recites that the defendant excepted to the ruling of the court below on his motion to quash. This court declines to treat such recital as a substitute or equivalent for a bill of exceptions.

APPEAL from the County Court of Clay. Tried below before the Hon. W. B. PLEMONS, County Judge.

No brief for the appellant.

*George McCormick,* Assistant Attorney General, for the State.

WINKLER, J. The transcript of the record in this case was returned to the Austin branch of this court, and was filed on April 2, 1877, agreeably to the file-mark of the clerk at Austin, and from the copy of orders taken at Austin the case was submitted on brief by the appellee on June 30, 1877, and was taken under advisement and transferred to this, the Tyler, branch of the court. This action was had on the last day of the Austin term. Neither at Austin nor here has there been any appearance on behalf of the appellant, by brief or otherwise.

On the examination of the record we find ourselves precluded from considering some of the questions raised, for

the reason that there is no statement of facts authenticated in the manner prescribed by law. We find, it is true, a document transcribed in the record which is called a statement of facts, and which the attorneys on both sides agreed to and signed as a statement of facts ; but it is not certified to or approved by the judge, and on this account we are not authorized to consider it for any purpose whatever — which has been so often decided both by the Supreme Court and this court as to be regarded as settled without reference to authorities. See Pasc. Dig., arts. 1490, 3138.

The defendant moved the court below to quash the complaint because, he says, it is vague, uncertain, and indefinite, and because of an alleged variance between the information and the complaint, which motion to quash was overruled, and to the ruling of the court on the motion the defendant noted an exception on the record ; but it does not appear that he took any regular bill of exceptions to this ruling, and on this account he is not entitled to have it considered on appeal. However, we have examined the complaint and the information without discovering any material objection to their sufficiency.

The complaint and information appear to meet the requirements of the Code on the subject, the trial appears to have been conducted with due regard to the forms of law, and we see no error in the judgment.

*Affirmed.*